IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2176-FL

| | |
|---|---|
| MICHAEL NEWBORN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CRAIG APKER, )<br>)<br>Respondent. )<br>) | ORDER |

This matter comes before the court on petitioner's pleading captioned "motion for reconsideration or in the alternative notice of appeal" (DE 6). The Clerk of Court docketed petitioner's notice of appeal on May 5, 2014, and the remainder of petitioner's motion is construed as a motion to alter or amend this court's April 21, 2014, judgment pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the court denies petitioner's motion.

**BACKGROUND**

For ease of reference, the background portion of this court's April 21, 2014, order is set forth below:

> On February 13, 2001, a federal grand jury returned a five-count indictment against petitioner in the United States District Court for the Western District of Tennessee. United States v. Newborn, No. 2:01-cr-20024-JPM-1 (W.D. Tenn. Feb. 13, 2001). Count one charged petitioner with conspiring to possess Dilaudid with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Counts two through five charged defendant with possession with intent to distribute and distribution of Dilaudid in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Id. Petitioner pleaded not guilty on February 21, 2001. Id. On May 2, 2001, petitioner entered a plea

agreement, withdrew his not guilty plea, and entered a guilty plea to the indictment's counts two through five.

On August 3, 2001, the district court sentenced petitioner to concurrent terms of imprisonment of twenty (20) years on counts 2, 3, and 4 and a consecutive term of six years imprisonment on count five. Id. Petitioner also was sentenced to a five-year period of supervised release. Id. The United States Court of Appeals for the Sixth Circuit affirmed petitioner's sentence on August 8, 2003. See United States v. Newborn, 71 F. App'x 557 (6th Cir. 2003).

Petitioner subsequently filed, in the Western District of Tennessee, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in his sentencing court raising the following claims: (1) he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution; (2) his sentence, which was based on a drug quantity that was not charged in the indictment, was imposed in violation of 18 U.S.C. § 3742(a)(1)-(3) and Blakely v. Washington, 542 U.S. 296 (2004); and (3) The four-point enhancement as an organizer or leader violates Blakely. On July 26, 2005, the sentencing court denied petitioner's § 2255 motion.

On August 7, 2013, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is actually and factually innocent of his conviction pursuant to 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) because the government failed to "charge[] the drug type and quantity in the indictment, prove it beyond a reasonable doubt, and submit it to the jury." (Mem. in Supp. of Pet. p. 14.) Petitioner additionally alleges that he was sentenced in excess of the statutory maximum of twenty (20) years for violating 28 U.S.C. § 841(b)(1)(C). Petitioner contends that the foregoing violates the United States Supreme Court's rulings in Jones v. United States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, ___ U.S. __, 133 S.Ct. 2151 (2013).

On April 21, 2014, the court dismissed petitioner's § 2241 petition. The court determined that because petitioner was attacking the legality of, rather than the execution, of his sentence, he must pursue his claim pursuant to 28 U.S.C. § 2255 and not § 2241. The court also declined to

2

convert petitioner's § 2241 petition into a § 2255 petition because petitioner previously had filed a § 2255 petition.

## DISCUSSION

A.  Standard of Review

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

B.  Analysis

As stated in the court's April 21, 2014, order, the legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The Fourth Circuit has examined the prerequisites for

3

finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

Petitioner, in his Rule 59(e) motion, concedes that he is not able to meet the second prong of the Jones test. Instead, petitioner argues that he is entitled to relief pursuant to Rule 59(e) because is actually innocent of violating § 841(b)(1)(A) or (b)(1)(B), and that he was sentenced above the statutory maximum authorized under § 841(b)(1)(C). However, the conduct underlying petitioner's conviction, namely possession with the intent to distribute and distribution of Dilaudid still is unlawful. Accordingly, petitioner's challenge is limited to his sentencing enhancement pursuant to § 841(b)(1). The Fourth Circuit has not extended the reach of § 2255's savings clause to petitioners challenging only their sentencing enhancement. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); United States v. Poole, 531 F.3d 263-267 n.7 (4th Cir. 2008); Hines v. Owens, No. 4:10-CV-2843-RBH, 2011 WL 53030, *2 (D.S.C. Jan. 7, 2011), aff'd, No. 11-6123, 2011 WL 4526017 (4th Cir. Sept. 30, 2011), but see, Whiteside v. United States, 748 F.3d 541, 547 n.4 (4th Cir. 2014) ("While we have not previously "extended the reach of the savings clause to those petitioners challenging only their sentence," United States v. Poole,

4

531 F.3d 263, 267 n. 7, 274 (4th Cir.2008), we note that the Eleventh Circuit recently permitted a federal inmate to use § 2255(e) to bring a § 2241 petition challenging the legality of his sentence. Bryant v. Warden, 738 F.3d 1253 (11th Cir.2013)). Thus, petitioner's actual innocence claim does not entitle him to relief pursuant to Rule 59(e), and his motion to alter or amend the judgment (DE 6) is DENIED.

SO ORDERED, this the 10th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge